Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
scott@setarehlaw.com
William M. Pao (SBN 219846)
william@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
TRACY REID

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRACY REID, on behalf of himself; all others similarly situated,<br><br>    *Plaintiff;*<br><br>  vs.<br><br>ESA MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>    *Defendants.* | Case No. 4:18-cv-02550-JSW<br><br><u>CLASS ACTION</u><br><br>FIRST AMENDED COMPLAINT<br><br>1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);<br>2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681 g(c) (Fair Credit Reporting Act);<br>3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act);<br>4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act);<br>5. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>6. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>7. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);<br>8. Failure to Indemnify (Lab. Code § 2802);<br>9. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>10. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>11. Unfair Competition (Bus. & Prof Code §§ 17200 *et seq.);*<br>12. Civil Penalties (Lab. Code §§ 2698 *et seq.)*<br><br>JURY TRIAL DEMANDED |

COMES NOW, Plaintiff TRACY REID ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class and representative action against Defendant ESA MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws

2.      Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.),* the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786 *et seq.);* and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.).*

4.      Plaintiff also brings this class action against Defendants for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

                                  failed to provide him and all other similarly situated individuals with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to pay them at least minimum wage for all hours worked;

(5)      failed to pay them overtime wages at the correct rate;

(6)      failed to pay them double time wages at the correct rate;

(7)    failed to provide them with accurate written wage statements; and

(8)    failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

<u>JURISDICTON AND VENUE</u>

5.    This Court has original subject matter jurisdiction over Plaintiffs claims pursuant to 28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiffs and the putative class' federal statutory rights under the Fair Labor Standard Act (28 U.S.C. sections 201 *et seq.*).

6.    This Court has supplemental jurisdiction over Plaintiffs and the putative class' state law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to Plaintiffs and the putative class' federal wage and hour claims that they form parts of the same case or controversy under Article Ill of the United States Constitution.

7.    Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

8.    This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

<u>PARTIES</u>

9.    Plaintiff TRACY REID is, and at all relevant times mentioned herein, an individual residing in the State of California.

10.    Plaintiff is informed and believes, and thereupon alleges that Defendant ESA MANAGEMENT, LLC is, and at all relevant times mentioned herein, a Delaware limited liability company doing business in the State of California.

11.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

12.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

13.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

<u>CLASS ALLEGATIONS</u>

14.     This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

15.     <u>Relevant Time Period:</u>  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

<u>FCRA Class:</u>  All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

<u>ICRAA Class:</u>  All of Defendants' current, former and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

<u>CCRAA Class:</u>  All of Defendants' current, former and prospective applicants for employment in California, at any time during the period beginning seven years prior to the

filing of this action and ending on the date that final judgment is entered in this action.

Hourly Employee Class:   All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period.

Solo Shift Sub-Class:   All Front Desk Clerks and/or those with similar job duties who worked solo shifts during the Relevant Time Period.

Meal Period Sub-Class:   All Hourly Employee Class members who worked in a shift in excess of five hours during the Relevant Time Period.

Rest Period Sub-Class:   All Hourly Employee Class members who worked a shift of at least three and one-half (3.5) hours during the Relevant Time Period.

Wage Statement Penalties Sub-Class:   All Hourly Employee Class members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

Waiting Time Penalties Sub-Class:   All Hourly Employee Class members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

UCL Class:   All Hourly Employee Class members employed by Defendants in California during the Relevant Time Period.

16.   Reservation of Rights:   Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

17.   Numerosity:   The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

18.   Commonality and Predominance:   Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.   Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 section 101(c)(1);

B.   Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

4
FIRST AMENDED CLASS ACTION COMPLAINT

C.     Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

D.     Whether Defendants willfully failed to identify the source of the credit report to be performed;

E.     Whether Defendants willfully failed to comply with the FCRA, ICRAA and/or the CCRAA;

F.     Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

G.     Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

H.     Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

I.     Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

J.     Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

K.     Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

L.     Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

M.     Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

N.     Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

**19.**    **Typicality:**    Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

**20.**    **Adequacy of Class Representative:**    Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

**21.**    **Adequacy of Class Counsel:**    Plaintiffs counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

**22.**    **Superiority:**    A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

23.    Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately October 20, 2016 through August 2, 2017.

24.    When Plaintiff applied for employment, Defendants performed a background investigation on Plaintiff.

25.    Based upon information and belief, Defendants did not provide legally compliant

1    disclosure and authorization forms to Plaintiff and the putative class.

2          26.    Plaintiff regularly worked shifts by himself on a schedule beginning at 2:30 p.m.

3    through 11:00 p.m., Monday through Friday.

4                                **Missed Meal Periods**

5          27.    Plaintiff and the putative class members were not provided with meal periods of at

6    least thirty (30) minutes for each five (5) hour work period due to ( I ) Defendants' policy of not

7    scheduling each meal period as part of each work shift; (2) chronically understaffing each work

8    shift with not enough workers; (3) imposing so much work on each employee such that it made it

9    unlikely that an employee would be able to take their breaks if they wanted to finish their work on

10   time; and (4) no formal written meal and rest period policy that encouraged employees to take their

II   meal and rest periods.

12         28.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

13   provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

14   worked due to complying with Defendants' productivity requirements that required Plaintiff and

15   the putative class to work through their meal periods in order to complete their assignments on

16   time.

17                               **Missed Rest Periods**

18         29.    Plaintiff and the putative class members were not provided with rest periods of at

19   least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

20   Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically

21   understaffing each work shift with not enough workers; (3) imposing so much work on each

22   employee such that it made it unlikely that an employee would be able to take their breaks if they

23   wanted to finish their work on time; and (4) no formal written meal and rest period policy that

24   encouraged employees to take their meal and rest periods.

25         30.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

26   provided with uninterrupted rest periods of at least ten (10) minutes for each four *(4)* hours worked

27   due to complying with Defendants' productivity requirements that required Plaintiff and the

28   putative class to work through their rest periods in order to complete their assignments on time.

**Off-the-Clock Work**

31.    Plaintiff and the putative class were not paid all wages earned as Defendants directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

32.    Plaintiff and the putative class regularly performed work after their scheduled work hours and were not paid for this time.  Plaintiff and the putative class were instructed to perform certain duties and tasks after they had already clocked out and were not paid for the time spent performing these additional duties and duties.

33.    As a result of performing off-the-clock work that was directed, permitted or otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this time. Instead, Defendants only paid Plaintiff and the putative class based on the time they were clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent working off-the-clock.

34.    Defendants knew or should have known that Plaintiff and the putative class were performing work before and after their scheduled work shifts and failed to pay Plaintiff and the putative class for these hours.

35.    Defendants were aware of this practice and directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock work.

36.    As a result of Defendants' policies and practices, Plaintiff and the putative class were not paid for all hours worked.

**Wage Statements**

37.    Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

38.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

39.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including

1    overtime, were not included.

2       40.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

3    earned" were not accurately reflected in that: all hours worked, including overtime, were not

4    included.

5       41.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

6    hourly rates in effect during the pay period and the corresponding number of hours worked at each

7    hourly rate by the employee" were not accurately reflected in that: all hours worked, including

8    overtime, were not included.

9                          FIRST CAUSE OF ACTION

10    FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

11                        (15 U.S.C. §§ 1681b(b)(2)(A))

12                   (Plaintiff and FCRA Class Against All Defendants)

13       42.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged

14    herein.

15       43.    Defendants are ˉpersonsˉ  as defined by Section 1681a(b) of the FCRA.

16       44.    Plaintiff and class members are "consumers' within the meaning of Section 1681a(c)

17    of the FCRA because they are "individuals."

18       45.    Section 1681a(d)(1) of the FCRA defines "consumer report" as:

19          "The term "consumer report" means any written, oral, or other communication of
            any information by a consumer reporting agency bearing on a consumer's credit
20          worthiness, credit standing, credit capacity, character, general reputation, personal
            characteristics, or mode of living which is used or expected to be used or collected in
21          whole or in part for the purpose of serving as a factor in establishing the consumer's
            eligibility for—

22
23             (A) credit or insurance to be used primarily for personal, family, or household
                   purposes;

24             (B) employment purposes; or

25             (C) any other purpose authorized under section 1681b of this title."

26       Accordingly, a credit and background report qualifies as a consumer report.

27       46.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

28          "The term 'investigative consumer report' means a consumer report or portion

                                      9

thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information.  However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

47.     Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i)   A *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure,* that a consumer report may be obtained for employment purposes; and

(ii)  The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

48.     Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

49.     Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

50.     Plaintiff alleges, upon information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section 1681a(d)(l)(B) and 15 U.S.C. section 1681a(e)).

51.     The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents.

52.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. (15 U.S.C. § 1681b(b)(@0(A0(0-00.) The inclusion of a release and

1   other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

2        53.    Although the disclosure and authorization may be combined in a single document,

3   the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

4   information or be pail of another document.  For example, in response to an inquiry as to whether

5   the disclosure may be set forth within an application for employment or whether it must be included

6   in a separate document, the FTC stated:

7        "The disclosure may not be part of an employment application because the language
         [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears
8        conspicuously in a document not encumbered by any other information. The reason
         for requiring that the disclosure be in a stand-alone document is to prevent
9        consumers from being distracted by other information side-by-side within the
         disclosure."
10

11        54.    The plain language of the statute also clearly indicates that the inclusion of a liability

12   release in a disclosure form violates the disclosure and authorization requirements of the FCRA,

13   because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly warned

14   that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion

15   letter, the FTC stated:

16        "[W]e note that your draft disclosure includes a waiver by the consumer of his or her
         rights under the FCRA.  The inclusion of such a waiver in a disclosure form will
17       violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist
         `solely' of the disclosure that a consumer report may be obtained for employment
18       purposes."

19        55.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C.

20   section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request

21   for a consumer's waiver of his or her rights under the FCRA."

22        56.    By including a release and other extraneous information, Defendants willfully

23   disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.

24   Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and

25   conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and

26   1681d(a).

27        57.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is

28   willful.  Defendants acts in deliberate or reckless disregard of their obligations and the rights of

applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

      A.     Defendants are a large corporation with access to legal advice;

      B.     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

      C.     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

      D.     The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the disclosure form.

58.     Defendants required a liability release in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

59.     Based upon the facts likely to have evidentiary support after a reasonable opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing them of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made.  Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

60.     Accordingly, Defendants willfully violated and continue to violate the FCRA, including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is reflected by, among other things, the facts set forth above.

61.     As a result of Defendants' unlawful procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

62.     Plaintiff, on behalf of himself and all class members, seek all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

63.     In the alternative to Plaintiffs allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

<u>**SECOND CAUSE OF ACTION**</u>

**FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

**(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

**(Plaintiff and FCRA Class Against All Defendants)**

64.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

65.     Section 168Id(a) states:

> (a) Disclosure of fact of preparation
> A person may not procure or cause to be prepared an investigative consumer report on any consumer unless—
>
>> (1) it is *clearly and accurately disclosed to the consumer* that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure
>>
>>> (A) is *made in a writing mailed, or otherwise delivered, to the consumer,* not later than three days after the date on which the report was first requested, and
>>>
>>> (B) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section and *the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; and
>
> (Emphasis added.)

66.     Section 1681d(b) states:

(b) Disclosure on request of nature and scope of investigation
Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a *complete and accurate disclosure of the nature and scope of the investigation requested.* This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.
(Emphasis added.)

67. As previously alleged, because Defendants' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy the written requirement.

68. Moreover, even if Defendants' disclosures are deemed to satisfy Section 101(c)(1), Defendants did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

69. Section 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

(c) Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores

(1) Commission
Summary of rights required

(A) In general
The Commission shall prepare a model summary of the rights of consumers under this subchapter.

(B) Content of summary
The summary of rights prepared under subparagraph (A) shall include a description of—

(i) the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;

(ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681j of this title;

(iii) the right of a consumer to dispute information in the file of the consumer under section 1681i of this title;

(iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

(v) the method by which a consumer can contact, and obtain a consumer

14

report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

70.  Defendants did not comply with 1681g(c)(B)(1) because the disclosures did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

71.  Defendants did not comply with 1681g(c)(B)(2) because the disclosure did not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

72.  Defendants did not comply with 1681 g(c)(B)(3) because the disclosure did not state the right of a consumer to dispute information in the file of the consumer.

73.  Defendants did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

74.  Defendants did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

75.  Defendants did not comply with 1681g(c)(B)(6) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 16813(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

## THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE ICRAA

(Cal. Civ. Code §§ 1786 *et seq.)*

(Plaintiff and ICRAA Class Against All Defendants)

76.  Plaintiff incorporates the preceding paragraphs in the Complaint as if fully alleged herein.

77.     Defendants are "persons" as defined by section 1786.2(a) of the ICRAA.

78.     Plaintiff and ICRAA Class members are "consumers" within the meaning of section 1786.2(b) of the ICRAA because they are "individuals."

79.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> "The term investigative consumer report means a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

80.     Accordingly, a background check qualifies as an investigative consumer report under the ICRAA.

8].     Section 1786.16(a)(2) of the ICRAA provides:

> (2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
>
> (B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure,* that:
>
> > (i)   An investigative consumer report may be obtained.
> >
> > (ii)  The permissible purpose of the report is identified.
> >
> > (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> >
> > (iv)  Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.
> >
> > (v)   Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
> >
> > (vi)  *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency,* where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall be operative on January I, 2012.

(C) The consumer has authorized in writing the procurement of the report.

(Emphasis added.)

82.     As previously alleged, because Defendants' disclosures do not meet the requirements of section 101(c)(1) of 15 U.S.C. section 7001, the disclosures do not satisfy section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

83.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks) as described by Civil Code section 1786.2(c).

84.     Because the purported disclosures are embedded with extraneous information and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

85.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of a Release and other extraneous information therefore violates section 1786.16(a)(2)(B) of the 1CRAA.

86.     The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA because such a form would not consist "solely" of the disclosure.

87.     By including a Release and other extraneous information, Defendants willfully violated section 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates section 1786.16(a)(2)(B).

88.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosure to applicants and employees, before procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background

17

checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with section 1786.1 6(a)(2)(B) of the ICRAA, as described above.

89.    Defendants' conduct in violation of Section 1786.16(a)(2)(B) of the 1CRAA was and is willful and/or grossly negligent.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)  Defendants are large corporations with access to legal advice;

(b)  Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)  The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure fonn violates the disclosure and authorization requirements, and that the disclosure fonn must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

90.    As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

91.    Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Civil Code section 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

92.    In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1786.50(a), including actual damages and attorneys' fees and costs.

///

///

///

1

<u>FOURTH CAUSE OF ACTION</u>

2

FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE CCRAA

(Cal. Civ. Code §§ 1785 *et seq.)*

4

(Plaintiff and CCRAA Class Against All Defendants)

5

93.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

6

94.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit

7

Reporting Agencies Act ("CCRAA").

8

95.    Plaintiff and CCRAA Class members are "consumers" within the meaning Section

9

1785.3(b) of the CCRAA, because they are "natural individuals."

10

96.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

11

any written, oral, or other communication of any information by a consumer credit
reporting agency bearing on a consumer's credit worthiness, credit standing, or credit

12

capacity, which is used or is expected to be used, or collected in whole or in part, for
the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2)

13

employment purposes...

14

Thus, a credit report qualifies as a consumer credit report under the CCRAA.

15

97.    Section 1785.20.5(a) of the CCRAA provides, in relevant part:

16

Prior to requesting a consumer credit report for employment purposes, the user of the
report shall provide written notice to the person involved. The notice shall inform the

17

person that a report will be used, and *shall identify the specific basis under subdivision
(a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also*

18

*inform the person of the source of the report...*

19

(Emphasis added.)

20

98.    As described above, Plaintiff alleges that in evaluating her and other class

21

members for employment, Defendants procured or caused to be prepared consumer credit reports

22

(e.g. credit reports), as defined by Section 1785.3(c).

23

99.    The disclosure provided by Defendants does not identify the specific basis under

24

subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report.  This omission

25

clearly violates Section 1785.20.5(a) of the CCRAA, as delineated above.

26

100.    Based upon facts that are likely to have evidentiary support after a reasonable

27

opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and

28

practice of failing to provide adequate written disclosures to applicants and employees, before

1    procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to

2    that policy and practice, Defendants procured credit reports or caused credit reports to be procured

3    for Plaintiff and class members without first providing a written notice in compliance with Section

4    1785.20.5(a) of the CCRAA, as described above.

5         101.    Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is

6    willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their

7    obligations and the rights of applicants and employees, including Plaintiff and class members.

8    Defendants' willful conduct is reflected by, among other things, the following facts:

9              (a)    Defendants are large corporations with access to legal advice;

10             (b)    Defendants required a purported authorization to perform credit checks in the

11                    process of employing the class members which, although defective,

12                    evidences Defendants' awareness of and willful failure to follow the

13                    governing laws concerning such authorizations; and

14             (c)    The plain language of the statute unambiguously indicates that failure to

15                    include the provisions identified above violates the CCRAA's notice

16                    requirements, and that the notice must identify the specific basis under

17                    subdivision (a) of Section 1024.5 of the Labor Code for use of the credit

18                    report and must identify the source of any credit report.

19        102.    As a result of Defendants' illegal procurement of credit reports by way of their

20   inadequate notice, as set forth above, Plaintiff and class members have been injured including, but

21   not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

22        103.    Plaintiff, on behalf of himself and all class members, seeks all available remedies

23   pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages,

24   punitive damages, injunctive relief, and attorneys' fees and costs.

25        104.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

26   alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil

27   Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and

28   costs.

# FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

105.   Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

106.   At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

107.   Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

108.   Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

109.   Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

110.   Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

III.   Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that

1    the employee may, in writing, revoke the agreement at any time."

2    112.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

3    agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

4    members were not subject to valid on-duty meal period agreements with Defendants.

5    113.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

6    Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

7    **Period Sub-Class with** uninterrupted, duty-free meal periods for at least thirty (30) minutes for

8    each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

9    Order.

10    114.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

11    Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

12    **Class** members when they worked five (5) hours without clocking out for any meal period.

13    115.    Moreover, Defendants written policies do not provide that employees must take their

14    first meal period before the end of the fifth hour of work, that they are entitled to a second meal

15    period if they work a shift of over ten hours, or that the second meal period must commence before

16    the end of the tenth hour of work, unless waived.

17    116.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

18    **Class** members additional premium wages, and/or were not paid premium wages at the employees'

19    regular rates of pay when required meal periods were not provided.

20    117.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

21    and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

22    and costs of suit.

23    118.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

24    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

25    the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

26    ///

27    ///

28    ///

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

119.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

120.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

121.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

122.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

123.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

124.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

125.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

126.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

127.    Specifically, Defendants written policies do not provide that employees may take a

rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

128.   Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

129.   Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common Mud doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

<u>**SEVENTH CAUSE OF ACTION**</u>

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff, Hourly Employee Class and Solo Shift Sub-Class)**

130.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

131.   At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

132.   Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

133.   Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

134.   Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

135.   Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

addition to the underlying unpaid minimum wages and interest thereon.

136.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

137.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

138.    Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

139.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the noiinal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

140.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

141.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

142.    Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

143.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

144.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

1  **Employee Class** members for all time worked, including but not limited to, overtime hours at

2        145.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

3  **Employee Class** members all earned wages every pay period at the correct rates, including

4  overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and

5  **Hourly Employee Class** members to perform off-the-clock work.

6        146.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

7  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

8  full amount of wages earned during each pay period during the applicable limitations period,

9  including overtime wages.

10        147.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

11  behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

12  overtime wages, interest thereon and costs of suit.

13        148.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

14  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

15  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

16                                **<u>EIGHTH CAUSE OF ACTION</u>**

17                                **FAILURE TO INDEMNIFY**

18                                **(Lab. Code § 2802)**

19                          **(Plaintiff Only Against All Defendants)**

20        149.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

21  herein.

22        150.    Labor Code section 2802(a) states:

23           "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

24           duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them

25           to be unlawful."

26        151.    At all relevant times during the applicable limitations period, Plaintiff incurred

27  necessary business related expenses and costs, including but not limited to, transportation expenses

28  incurred for the benefit of Defendants.

152. Plaintiff is informed and believes, and thereupon alleges that Defendants failed to pay any reimbursement to Plaintiff for all necessary expenses incurred in the discharge of his duties.

153. Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff for all necessary business expenses.

154. Accordingly, Plaintiff is entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

155. Plaintiff seeks interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

NINTH CAUSE OF ACTION

FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

(Lab. Code § 226)

(Plaintiff and Wage Statement Penalties Sub-Class)

156. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

157. Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least

27

FIRST AMENDED CLASS ACTION COMPLAINT

three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

158.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

159.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

160.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

161.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

162.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

<u>TENTH CAUSE OF ACTION</u>

FAILURE TO TIMELY PAY ALL FINAL WAGES

(Lab. Code §§ 201-203)

**(Plaintiff and Waiting Time Penalties Sub-Class)**

163.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

164.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

165.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

166.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

167.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

168.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

169.    Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

170.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

1  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

2  sections 201 or 202 by failing to timely pay them all final wages.

3      171.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

4  timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

5  willful in that Defendants have the ability to pay final wages in accordance with Labor Code

6  sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

7  with those requirements.

8      172.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

9  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

10  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

11      173.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

12  and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

13  **Class** members, seek awards of reasonable attorneys' fees and costs.

14  **ELEVENTH CAUSE OF ACTION**

15  **UNFAIR COMPETITION**

16  **(Bus. & Prof. Code §§ 17200 *et seq.*)**

17  **(Plaintiff and UCL Class, FCRA, ICRAA and CCRAA Class)**

18      174.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

19  herein.

20      175.    Business and Professions Code section 17200 defines "unfair competition" to

21  include any unlawful business practice.

22      176.    Business and Professions Code section 1 7203-1 7204 allow a person who has lost

23  money or property as a result of unfair competition to bring a class action in accordance with Code

24  of Civil Procedure section 382 to recover money or property that may have been acquired from

25  similarly situated persons by means of unfair competition.

26      177.    California law requires employers to pay hourly, non-exempt employees for all hours

27  they are permitted or suffered to work, including hours that the employer knows or reasonable

28  should know that employees have worked.

178.   Plaintiff and the UCL Class, FCRA, ICRAA and CCRAA Class members re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH and SEVENTH causes of action herein.

179.   Plaintiff lost money or property as a result of the aforementioned unfair competition.

180.   Defendants have or may have acquired money by means of unfair competition.

181.   Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

182.   Defendants have committed criminal conduct through their policies and practices of, *inter alia,* failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to provide non-exempt employees with rest periods of at least ten minutes for each four hour work period or major fraction thereof, and by failing to pay non-exempt employees for all hours worked.

183.   At all relevant times, Plaintiff and UCL Class, FCRA, ICRAA and CCRAA Class members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

184.   Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on behalf of similarly situated persons in a class action proceeding.

185.   As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

186.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

187.     Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

188.     California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

189.     Accordingly, pursuant to Bus. & Prof Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders, FCRA, 1CRAA and CCRAA; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders, FCRA, ICRAA and CCRAA.

190.     Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class, FCRA, ICRAA and CCRAA Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

191.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class, FCRA, ICRAA and CCRAA Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**TWELFTH CAUSE OF ACTION**

**CIVIL PENALTIES**

**(Lab. Code §§ 2698** *et seq.)*

192.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

193.    During the applicable limitations period, Defendants have violated Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802.

194.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

195.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

196.    Plaintiff has complied with the procedures for bringing suit specified in abor Code section 2699.3.

197.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802:

  A. For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

  B. For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

  C. For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor

Code section 210);

D.    For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.    For violations of Labor Code section 226(a), if this action s deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.    For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.    For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

1    (1)    An order that the action be certified as a class action;

2    (2)    An order that Plaintiff be appointed class representative;

3    (3)    An order that counsel for Plaintiff be appointed class counsel;

4    (4)    Unpaid wages;

5    (5)    Actual damages;

6    (6)    Liquidated damages;

7    (7)    Restitution;

8    (8)    Declaratory relief;

9    (9)    Pre-judgment interest;

10   (10)   Statutory penalties;

11   (11)   Civil penalties;

12   (12)   Costs of suit;

13   (13)   Reasonable attorneys' fees: and

14   (14)   Such other relief as the Court deems just and proper.

15                        <u>DEMAND FOR JURY TRIAL</u>

16        Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby

17   demands a jury trial on all issues so triable.

18

19   DATED: June 27, 2018                      SETAREH LAW GROUP

20

21

22                                            _____

23                                            SHAUN SETAREH
                                              Attorneys for Plaintiff
24                                            TRACY REID

25

26

27

28

35

FIRST AMENDED CLASS ACTION COMPLAINT